Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
SEBASTIAN ABREU LOPEZ, individually and on behalf of all
others similarly situated,

                        Plaintiff,

    -against-

M&V INTERNATIONAL FOOD INC. d/b/a FOOD PALACE,
and RAKHIL BESBROZZANNAYA, and MARINA
BESPROZVANNAYA, as individuals,

                        Defendants.
-----------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

1. Plaintiff, **SEBASTIAN ABREU LOPEZ, individually and on behalf of all others similarly situated**, (hereinafter referred to as "Plaintiff"), by his attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

<u>**PRELIMINARY STATEMENT**</u>

2. Plaintiff, **SEBASTIAN ABREU LOPEZ, individually and on behalf of all others similarly situated**, through undersigned counsel, brings this action against **M&V INTERNATIONAL FOOD INC. d/b/a FOOD PALACE, and RAKHIL BESBROZZANNAYA, and MARINA BESPROZVANNAYA, as individuals**, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment at M&V INTERNATIONAL FOOD INC. d/b/a FOOD PALACE, located at 4453 Broadway, New York, New York 10040.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount

1

exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.
5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.
6. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.
7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff, SEBASTIAN ABREU LOPEZ, residing at 543 W 180th Street, New York, New York, 10033, was employed from in or around June 2006 until in or around October 2019 by Defendants at M&V INTERNATIONAL FOOD INC. d/b/a FOOD PALACE, located at 4453 Broadway, New York, New York 10040.
9. Defendant, M&V INTERNATIONAL FOOD INC. d/b/a FOOD PALACE is a corporation organized under the laws of New York.
10. Defendant, M&V INTERNATIONAL FOOD INC. d/b/a FOOD PALACE is a corporation authorized to do business under the laws of New York.
11. Upon information and belief, Defendant, M&V INTERNATIONAL FOOD INC. d/b/a FOOD PALACE is a corporation organized under the laws of New York with a principal executive office at 4453 Broadway, New York, New York 10040
12. Upon information and belief, Defendant RAKHIL BESBROZZANNAYA owns and operates M&V INTERNATIONAL FOOD INC. d/b/a FOOD PALACE.
13. Upon information and belief, Defendant, RAKHIL BESBROZZANNAYA, is an agent of M&V INTERNATIONAL FOOD INC. d/b/a FOOD PALACE.

14. Upon information and belief, Defendant, RAKHIL BESBROZZANNAYA, has power over personnel decisions at M&V INTERNATIONAL FOOD INC. d/b/a FOOD PALACE.
15. Upon information and belief, Defendant, RAKHIL BESBROZZANNAYA, has power over payroll decisions at M&V INTERNATIONAL FOOD INC. d/b/a FOOD PALACE and distributed pay to Plaintiff.
16. Defendant, RAKHIL BESBROZZANNAYA, has the power to hire and fire employees at M&V INTERNATIONAL FOOD INC. d/b/a FOOD PALACE, establish and pay their wages, set their work schedule, and maintains their employment records.
17. During all relevant times herein, Defendant, RAKHIL BESBROZZANNAYA, was Plaintiff's employer within the meaning of the FLSA and NYLL.
18. Upon information and belief, Defendant, MARINA BESPROZVANNAYA, owns and operates M&V INTERNATIONAL FOOD INC. d/b/a FOOD PALACE.
19. Upon information and belief, Defendant, MARINA BESPROZVANNAYA, is an agent of M&V INTERNATIONAL FOOD INC. d/b/a FOOD PALACE.
20. Upon information and belief, Defendant, MARINA BESPROZVANNAYA, has power over personnel decisions at M&V INTERNATIONAL FOOD INC. d/b/a FOOD PALACE.
21. Defendant, MARINA BESPROZVANNAYA, has the power to hire and fire employees at M&V INTERNATIONAL FOOD INC. d/b/a FOOD PALACE, establish and pay their wages, set their work schedule, and maintains their employment records.
22. During all relevant times herein, Defendant, MARINA BESPROZVANNAYA, was Plaintiff's employer within the meaning of the FLSA and NYLL.
23. Upon information and belief, M&V INTERNATIONAL FOOD INC. d/b/a FOOD PALACE, is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or other wise work on goods or

material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

24. At all times relevant to this action, Defendants were and are enterprises as defined in Sec. 3(r) of the FLSA, 29 U.S.C. § 203(r).

25. At all times relevant to this action, Defendants were Plaintiff's employers as defined by 29 U.S.C. § 203(d) and NYLL §§ 2(6), 190(3) and 651(6), and Defendants employed and/or jointly employed Plaintiff.

**FACTUAL ALLEGATIONS**

26. Plaintiff, SEBASTIAN ABREU LOPEZ, was employed from in or around June 2006 until in or around October 2019 by Defendants at M&V INTERNATIONAL FOOD INC. d/b/a FOOD PALACE.

27. During Plaintiff, SEBASTIAN ABREU LOPEZ's employment by Defendants at the above location, Plaintiff's primary duties were as a stocker, while performing other miscellaneous duties.

28. Plaintiff, SEBASTIAN ABREU LOPEZ, was paid by Defendants approximately $500.00 per week from in or around January 2014 until in or around December 2015.

29. Plaintiff, SEBASTIAN ABREU LOPEZ, was paid by Defendants approximately $700.00 per week from in or around January 2016 until in or around October 2019.

30. Plaintiff worked approximately seventy-nine (79) hours or more per week during his employment by Defendants from in or around January 2014 until in or around October 2019.

31. Although Plaintiff, SEBASTIAN ABREU LOPEZ, worked approximately seventy-nine (79) hours or more per week during his employment by Defendants from in or around January 2014 until in or around October 2019, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

32. Further more, Plaintiff, SEBASTIAN ABREU LOPEZ, worked approximately eleven (11) or more hours per day, at least six (6) days a week from in or around January 2014 until in or around October 2019, Defendants did not pay Plaintiff an extra hour

4

at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

33. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

34. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

35. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all of his legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

36. Plaintiff brings this action on behalf of himself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

37. Collective Class: All persons who are or have been employed by the Defendants as cleaners, stockers or similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wage compensation.

38. Upon information and belief, Defendants employed between 10 to 15 employees within the past three years subjected to similar payment structures.

39. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation or proper minimum wage compensation.

40. Defendants' unlawful conduct has been widespread, repeated, and consistent.

41. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay and proper minimum wage compensation.
42. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.
43. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. This are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.
44. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.
45. The claims of Plaintiff are typical of the claims of the putative class.
46. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.
47. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## **FIRST CAUSE OF ACTION**
### **Overtime Wages Under The Fair Labor Standards Act**

48. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
49. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).
50. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

6

51. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

52. Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

53. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

54. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

55. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

56. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

57. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

58. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION

### Spread of Hours Compensation Under New York Labor Law

59. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

60. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4

61. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

## FOURTH CAUSE OF ACTION

### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

62. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

63. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

64. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

### Violation of the Wage Statement Requirements of the New York Labor Law

65. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

66. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3)

67. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiff unpaid overtime wages;
c. Awarding Plaintiff unpaid spread of hours compensation;
d. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
e. Awarding Plaintiff prejudgment and post-judgment interest;
f. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and
g. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: This 27th day of January 2020.

Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEBASTIAN ABREU LOPEZ, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

M&V INTERNATIONAL FOOD INC. d/b/a FOOD PALACE., and RAKHIL BESBROZZANNAYA, and MARINA BESPROZVANNAYA as individuals,

Defendants.

## SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**

**M&V INTERNATIONAL FOOD INC. d/b/a FOOD PALACE**
**4453 BROADWAY**
**NEW YORK, NEW YORK 10040**

**RAKHIL BESBROZZANNAYA**
**4453 BROADWAY**
**NEW YORK, NEW YORK 10040**

**MARINA BESPROZVANNAYA**
**4453 BROADWAY**
**NEW YORK, NEW YORK 10040**

**MARINA BESPROZVANNAYA**
**4407 BROADWAY**
**NEW YORK, NEW YORK 10040**