

# Helen F. Dalton and Associates, P.C.
## Attorneys at Law

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415
T. 718.263.9591 ✦ F. 718.263.9598

October 23, 2020

**Via ECF**
The Honorable Judge Debra C. Freeman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

>   Re: **Lopez v. M&V International Food, Inc., et al.**
>       **20-CV-705 (DCF)**

Dear Judge Freeman:

Our office represents the Plaintiff in the above-captioned action and submit this motion on behalf of both parties to request the Court's approval of the Settlement Agreement and Release of Claims ("Settlement Agreement"), between the parties. The Settlement Agreement attached hereto as Exhibit 1 memorializes the terms agreed upon by the parties during their Settlement Conference before Your Honor on August 4, 2020.

**Settlement Terms**

The parties reached a settlement to resolve all claims asserted in this matter for $55,000.00, which includes attorneys' fees (addressed below). An initial payment of $25,000.00 shall be made by Defendants 60 days from the Court's approval of the Settlement Agreement and the remaining balance of $30,000.00 shall be paid over a period of fifteen months thereafter.

Sebastian Abreu Lopez ("Lopez" or "Plaintiff") brought this action against M&V International Food, Inc. d/b/a Food Palace, Rakhil Besbrozzannaya and Marina Besprozvannaya (collectively, "Defendants") as a former stocker at Defendants' grocery store located at 4453 Broadway, New York, New York 10040. Plaintiff was employed by Defendants from in or around 2006 until in or around August 2019. However, as the Complaint was filed in January 2020, the relevant statutory period began in January 2014.

In his Complaint, Plaintiff alleged that he was required to work in excess of forty (40) hours per workweek without receiving proper overtime compensation in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") and that he did not receive proper spread of hours compensation in accordance with the NYLL when he worked in excess of ten (10) hours per shift. During the relevant statutory period, Plaintiff alleged that he regularly worked

seventy-nine (79) hours per week but was compensated with a flat weekly salary that did not account for his overtime hours. Plaintiffs' estimation of unpaid overtime wages owed to him was slightly under $300,000.00. Defendants strongly dispute Plaintiff's allegations regarding his hours worked and pay received and have provided records to Plaintiff in support of their position. Defendants also disagree that either Rakhil Besbrozzannaya and Marina Besprozvannaya could be considered employers under either the FLSA or NYLL.

Although Plaintiff was confident that he could succeed on all of his claims at the time of trial, his preference was for a guaranteed payment through a court-approved settlement agreement. In accepting the Defendants' offer, Plaintiff took into account the defenses raised by Defendants below, Defendants' time and pay records, Defendants' financial situation and the ability to collect on a larger judgment should the matter have proceeded to trial, and the timing of payments in the near future as opposed to the uncertainty of a trial at a much later date.

**Plaintiff's Recovery and Requested Attorneys' Fees**

The parties agreed to settle all claims asserted in this matter for $55,000.00. The parties believe that this amount is reasonable in light of Plaintiff's claims and the defenses and records maintained by Defendants.

Plaintiff will recover $36,298.00 after attorneys' fees and expenses pursuant to the Agreement and in accordance with their retainer agreement with Plaintiff's counsel. Plaintiff's counsel respectfully requests one-third of the net settlement amount (after expenses have been deducted), consistent with the fee arrangement regularly approved by this Court.

Additionally, Plaintiff's counsel respectfully requests reimbursement of $554.00, for identifiable expenses, which include the Southern District of New York filing fee ($400.00) and the costs of serving Defendants through their process server, PM Legal LLC ($154.00).

Defendants take no position on the amount of attorneys' fees and/or reimbursement of costs they seek in connection with their representation of Plaintiff.

Therefore, the total amount to be paid to Plaintiff's counsel, including reimbursement of expenses, is $18,702.00.

**Settlement Amount:** $55,000.00
**Attorneys' Expenses:** $554.00
**Settlement less Expenses:** $54,446.00
**Requested Attorneys' Fees:** $18,148.00 ($54,446.00 / 3)
**Total payable to Attorneys:** $18,702.00 ($18,148.00 + $554.00)
**Total payable to Plaintiff:** $36,298.00 ($55,000.00 - $18,702.00)

Plaintiff's counsel and their client have a retainer agreement that is reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 U.S.

Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013).

      Here, Plaintiff's counsel is seeking attorneys' fees in the amount of one-third of the settlement total, pursuant to the retainer agreement entered into with the client. Since one-third is the standard amount allowed to attorneys in FLSA cases, and the Plaintiff entered into a contract for this amount with his counsel, this amount is not unreasonable, and *Cheeks* does not disagree. *See Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015). Furthermore, the Agreement was drafted by experienced counsel and does not include a confidentiality clause or an overreaching release that would otherwise prevent the Court from approving the Agreement. The Agreement was the product of arms-length negotiations, with the assistance of the Court and without any possibility of collusion or unfair bargaining.

      In closing, the parties respectfully submit that the Agreement is fair and reasonable, and therefore request that the Court approve or so order the Agreement.

      Respectfully submitted,

      ___/s/_____
      Roman Avshalumov, Esq.
      James O'Donnell, Esq.
      *Attorneys for Plaintiff*